Prisoner's Name:        Dawayne Brown
Prisoner's Number:    Inmate No. 32909-016
Place of Confinement:  USP Allenwood
                        U.S. Penitentiary
                        P.O. Box 3000
                        White Deer, PA 17887

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **Criminal No.** 13-cr-00203 |
| | * | **Civil No.** _____ |
| | * | |
| **DAWAYNE BROWN** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

1.      The judgment of conviction was entered in the United States District Court for the District of Columbia.  The case number was CR 13-203.

2.      The sentencing hearing was held on September 1, 2015, and judgment was entered on September 10, 2015.

3.      Petitioner received a total sentence of fourteen years imprisonment.

4.      Petitioner was convicted and sentenced as follows:

Count 6:     Burglary in the Second Degree          60 months.

Count 7:     Possession of an Unregistered Firearm    12 months

Count 10:     Possession of PCP with the Intent to Distribute     96 months.

Counts 6, 7 and 10 are to be served consecutively to one another.

5.     Petitioner entered a plea of not guilty as to all counts.

6.     Petitioner had a trial by jury.

7.     Petitioner did not testify in his own defense at trial.

8.     Petitioner appealed his judgment. The judgment was appealed to the United States Court of Appeals for the District of Columbia Circuit.  Petitioner raised the following grounds on appeal:

I.     The trial court erred in failing to instruct the jury correctly on a predicate offense to the charge of burglary.

ii.     The trial judge erred in instructing the jury on an unregistered firearm offense that Appellant had a prior conviction for possession of an unregistered firearm.

iii.     The trial judge erred in failing to give a special unanimity jury on a possession with the intent to distribute a controlled substance offense.

iv.     The trial judge imposed an unreasonable and clearly erroneous sentence when he increased Appellant's sentence based on his conclusion that Appellant possessed 100 grams of more of phencyclidine.

9.  Petitioner's convictions and sentence were affirmed on appeal on June 15, 2018, in a reported opinion, *United States v. Brown*, 899 F.3d 385 (D.C. Cir. 2018).  A Petition for Rehearing *en banc* was denied on August 16, 2018.

2

10.     Petitioner has preciously filed a § 2255 Motion in this Court, triggering the appointment of counsel.  See docket number 416.  It remains pending and no action has been taken on the Motion.

11.     N/A.

12.     Petitioner raises the following challenges to his incarceration.  As to each claim presented below, Petitioner reserves the right to amend this claim, and/or add additional claims in an amended §2255 motion once he has been provided access to all relevant files, documents, information, material and/or evidence to which he is entitled under applicable federal law, and thereafter sufficient time to investigate and develop facts and witnesses in support of this and/or other claims that may arise once such access to information have been provided.

A.     <u>Counsel Rendered Constitutionally Ineffective Assistance by Failing to Resolve this Case with a Plea Agreement.</u>

1.     *Counsel Failed to Pursue Plea Negotiations Throughout the Pre-trial Process.*

2.     *Counsel Failed to Provide Adequate Advice to Petitioner Regarding Whether to Proceed to Trial or Whether to Investigate a Plea Agreement.*

B.     <u>The Government's Reliance Upon Inconsistent Theories Between The Trial of Mr. Brown and His Co-Defendant(s), and Sentencing Proceedings of Cooperating Witnesses, Violated Mr. Brown's Right To A Fundamentally Fair Trial and To Due Process, As Guaranteed Under the Fifth, Sixth, Eighth and Fourteenth Amendments.</u>

3

C.     <u>The Government's Reliance Upon Unadjudicated Offense Evidence Violated Mr. Brown's Rights Under the Federal Rules of Evidence, and the Fifth, Sixth, Eighth and Fourteenth Amendments.</u>

D.     <u>The Government Committed Misconduct Throughout All Phases of the Pre-trial, Trial and Post-trial Process, Violating Mr. Brown's Rights Under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.</u>

    1.     *The Government Withheld Brady and Giglio Information, And Denied the Existence of Those Materials When Specifically Questioned by the Court and Counsel.*

    2.     *The Government Withheld the Names of Cooperating Witnesses Until Days Prior to Testimony. Where No Jencks Act Material Existed for Witnesses, Names Were Withheld Until Those Witnesses Took the Stand.*

    3.     *The Government Failed to Keep the Cooperating Witnesses Separate From One Another and Made Arrangements For Cooperating Witnesses to Speak to One Another.*

    4.     *The Government Failed to Disclose Remuneration Provided to Cooperating Witnesses.*

E.     <u>Petitioner was Denied His Right to the Effective Assistance of Counsel Throughout All Phases of the Pre-trial, Trial and Post-trial Process, In Violation of His Rights as Guaranteed Under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.</u>

Trial counsel failed adequately to investigate all aspects of the prosecution's case and/or interview, or interview appropriately, all relevant witnesses on the government's witness list and/or  presented by the government, including but not

4

limited to, James Penn and Margarita Simmons.

Trial counsel failed to seek and conduct adequate scientific and expert testing of all of the evidence upon which the prosecution relied at trial. This includes, but is not limited to, the physical evidence the government allegedly obtained from the scenes of the offenses and from other sources during the investigation of the murders.

Trial counsel failed adequately to investigate all avenues and lines of defense, and failed to present critical evidence.

Trial counsel failed adequately to investigate, interview, consult with, and prepare the witnesses that could have been called to testify at trial.

Trial counsel affirmatively presented to the jury evidence that was damaging and prejudicial to Petitioner.

Trial counsel failed to file numerous pre-trial motions to preserve and protect the rights of Mr. Brown, and/or failed to investigate, research, and/or present available evidence regarding those motions that were filed before, during and after trial.

Trial counsel failed to properly preserve, file and argue the motions that were filed before, during and after trial.

Trial counsel improperly sought, and/or failed to seek and obtain altogether, critical and important evidence that was in the possession of the prosecution, its

agents or assigns, and/or other agencies and/or entities, and/or was otherwise readily available to the defense from these and/or other sources, which would have been exculpatory at the guilt-innocence and/or sentencing phases of trial, and which, if discovered, investigated, developed and presented at either pre-trial or trial proceedings, would have materially altered the outcome at all phases of the pre-trial, trial and post-trial proceedings.

Trial counsel failed to move properly, or at all, for a mistrial during repeated instances in the trial when a mistrial was warranted and should/would have been granted had such motions been made.

Trial counsel failed to assert, argue and preserve numerous challenges to the prosecution's conduct during voir dire, including, but not limited to, engaging in improper and/or erroneous factual assertions and/or legal assertions or arguments before the venire either in general or individually, tainting some members of the venire by engaging in misconduct in the presence of such members, exercising peremptory challenges in an unlawful and/or unconstitutional manner, and numerous other instances of misconduct in which the prosecution engaged during voir dire.

Trial counsel failed properly to object and preserve numerous issues that arose or occurred during voir dire, including, but not limited to, the restrictive manner in which the Court conducted the voir dire, the Court's refusal to allow questioning of

certain members of the venire and/or to allow certain questions of some and/or all members of the venire, the prosecution's unlawful use of peremptory challenges, the Court's dismissal of members of the venire without adequate legal justification, and/or the Court's unlawful reliance upon *in camera*, *ex parte* proceedings to conduct portions of the voir dire and or portions of the pre-trial, trial and post-trial proceedings.

Trial counsel failed to object to the testimony in whole or in part of numerous witnesses throughout all stages of the pre-trial, trial, and post-trial proceedings, and such failure resulted in an unfair pre-trial, trial and/or post-trial proceeding and/or in the jury erroneously hearing substantial prejudicial testimony which would not have been heard had counsel performed adequately.

Trial counsel repeatedly failed properly to object to, argue and preserve numerous legal issues that arose and/or occurred throughout the pre-trial, trial, and post-trial process, including, but not limited to, all issues presented herein and in any later filed motion for discovery, incorporated herein by express reference.

Trial counsel failed properly and/or effectively to cross-examine and/or impeach certain government witnesses who testified at trial.

Trial counsel failed properly and effectively to examine, and present evidence through defense witnesses who were or who could have been called to testify at trial.

7

Trial counsel made promises and/or assertions in his opening statement to the jury that he did not fulfill or address in either cross-examination of government witnesses, in direct examination of defense witnesses, or by failing to call witnesses in the defense case.

Trial counsel was ineffective in failing to provide Mr. Brown with adequate advice and counsel regarding his decisions concerning the plea in the case, as set forth elsewhere in this motion, incorporated herein by express reference, concerning whether or not to testify, and concerning the investigative leads and/or other potential witnesses that may or should have been interviewed and/or called at all phases of the pre-trial, trial and post-trial proceedings.

Trial counsel failed to raise and preserve numerous meritorious issues for litigation in post-conviction proceedings.

Trial counsel were insufficiently familiar with the government's case, its witnesses, the relevant documents, the crime scene, the possible defenses and defense witnesses; as a result, counsel were  not prepared to contest the government's case and present a coherent theory of the case at trial.

Trial counsel improperly failed to object to numerous erroneous and unlawful jury instructions.  Trial counsel failed to request jury instructions beneficial to Petitioner.

8

Trial counsel failed adequately to research and/or understand the relevant law and legal principles governing all aspects of all phases of the pre-trial, trial, and post-trial proceedings.  Such failures contributed to counsels' failure to object, move for mistrial, and file other formal motions regarding numerous errors that occurred during the course of the pre-trial and trial proceedings.

Trial counsel failed to develop a coherent and/or consistent theory of the case at trial, and failed to investigate, develop and present a theory or theories of the case that were available and should have been presented.

Trial counsel failed adequately to investigate and present evidence on the theory of the defense they did choose to pursue.  Specifically, trial counsel failed to investigate, or failed to properly investigate witnesses.

Trial counsel failed to argue the appropriate federal law, constitutional, statutory, or otherwise, in support of the issues they did assert and raise at all stages of the pre-trial, trial, and post-trial proceedings.

Due to counsel's failures adequately to address, raise and/or confront these issues, defense counsel was incapable of performing adequately throughout all phases of the pre-trial, trial, and post-trial proceedings.

After trial, counsel failed adequately to continue investigating and developing new evidence that would have been related to a variety of claims to be presented at

9

the motion for new trial, including all claims raised (and incorporated by express reference herein) in this motion.

Trial counsel erroneously opened the door to substantial highly prejudicial testimony from both prosecution and defense witnesses at all phases of the trial.

Trial counsel failed properly to preserve objections to evidence, arguments, instructions, court rulings, and other prejudicial occurrences throughout all phases of the pre-trial, trial and post-trial proceedings.

Trial counsel failed to investigate and/or rebut and/or object or object properly to evidence concerning Mr. Brown's alleged involvement in other crimes, adjudicated and/or unadjudicated, which evidence was then presented by the prosecution at trial.

Trial counsel was aware of, but failed adequately to investigate, develop and present, numerous affirmative and factual defenses at trial.

Trial counsel failed to obtain a correct instruction the jury on an unregistered firearm offense by permitted the Court to instruct the jury that Petitioner had a prior conviction for possession of an unregistered firearm. Trial counsel failed to stipulate to the prior conviction.

Trial counsel failed to request a unanimity instruction on drugs and drug weight.

Trial counsel failed to make proper opening and closing statements, by failing

10

to respond to prejudicial and/or unlawful arguments by the prosecution, by failing to address material misstatements of fact or law relied upon by the prosecution, and/or by failing affirmatively to raise helpful facts or arguments for the defense, and/or by failing to provide proper and helpful advocacy in any and all respects.

Trial counsel repeatedly made improper arguments during his closing statement which cause the Court to instruct the jury on that impropriety and highlighting that defense counsel as well as the Government had not called a witness described by trial counsel as crucial.

Trial counsel was rendered ineffective by virtue of the prosecution's misconduct at all phases of the pre-trial, trial, and post-trial proceedings in this case, as set forth elsewhere in this motion, incorporated herein by express reference, including, but not limited to: the affirmative failure to disclose evidence that was exculpatory or demonstrated witness bias at trial with respect to the factual and legal issues, regarding the witnesses who did testify, or those who did not but had relevant information which was concealed from the defense by the prosecution; the knowing use of perjured testimony at trial; and the improper and/or illegal arguments made in the prosecution's opening and closing statements.

Trial counsel were ineffective in failing to ensure that Mr. Brown was present at all critical parts of the pre-trial and trial proceedings.

11

Trial counsel were rendered ineffective by virtue of any jury misconduct that may have occurred throughout all phases of the pre-trial, trial, and post-trial proceedings, about which Mr. Brown has will seek discovery at a later date, incorporated herein by express reference.

Trial counsel were rendered ineffective by virtue of any and/or all of the Court's erroneous rulings in this case, including, but not limited to, all such rulings cited herein and in the accompanying motion for discovery, and in all appellate briefing filed by appellant on direct appeal, incorporated herein by express reference, and any such rulings to be identified hereafter in these habeas corpus proceedings.

Trial counsel failed adequately to investigate facts and issues about which they were or should have been on notice, for presentation at the motion for new trial, the failure of which may have waived Mr. Brown's right to present and litigate those issues on appeal or in habeas corpus proceedings.

Trial counsel failed properly to preserve any facts, claims or issues asserted here by Mr. Brown (or to be asserted later) which this Court or some future court may deem to have been waived by virtue of trial counsels' failure to have properly preserved such facts, claims or issues.

None of the acts or omissions of trial counsel cited herein or to be cited in future amended pleadings or as a result of evidence presented to this Court were the

result of reasonable and/or pre-conceived strategy, either actual or hypothetical.

F.   <u>Counsel's Deficient Acts and Omissions When Considered Together Undermine Any Confidence in the Verdict and Sentence in this Case.</u>

G.   <u>Petitioner's Convictions and Sentences as to Counts 87 and 88 Violated His Sixth Amendment Rights to a Jury Trial as Those Counts Were Not Properly Charged, Nor Presented to the Jury, and Requisite Elements of Those Counts Were Not Specifically Found by the Jury Beyond a Reasonable Doubt.</u>

H.   <u>The Trial Court Erred in Limiting the Cross Examination of Witnesses.</u>

I.   <u>Petitioner was Denied His Right to the Effective Assistance of Appellate Counsel Throughout All Phases of the Appeals Process, In Violation of His Rights as Guaranteed Under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.</u>

Appellate counsel was ineffective for failing to present to the Court of Appeals viable issues including but not limited to, claims of trial court error, and ineffective assistance of counsel raised herein.

13.   None of these grounds for relief have previously been presented in any federal court.  They were not previously raised because claims of ineffectiveness of counsel are properly raised in a Motion to Vacate.

14.   There are no future sentences to be served after this sentence is complete.

15.   At trial, Petitioner was represented by:

Steven J. McCool
MCCOOL LAW PLLC
1776 K Street, NW

Suite 200
Washington, DC 20006

On direct appeal, Petitioner was represented by:

Christine Rose-Murray Pembroke
Law Office of Christine Pembroke
3312 Dent Place, NW
Washington, DC 20007


WHEREFORE, the Petitioner asks that the Court vacate his conviction and sentence

in this case, or grant any other relief that this Court deems appropriate.


Respectfully submitted,
s/_____
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301.474.0044

*Counsel for Mr. Brown*

14

## <u>VERIFICATION</u>

**I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE**

**INFORMATION ABOVE IS TRUE AND CORRECT.**

**EXECUTED BY COUNSEL FOR PETITIONER ON <u>November 13, 2019</u>.**


<u>/s_____</u>
Michael E. Lawlor
Counsel for Petitioner

16

## Certificate of Service

I hereby certify that on November 13, 2019  this MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY was delivered to Counsel for the Government via ECF.

/s_____
Michael E. Lawlor