# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** : | |
| : | |
| v.   : | Case No.  13-cr-203-RJL |
| : | |
| **DAWAYNE BROWN,** : | |
| : | |
| Defendant.  : | |

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. AMENDMENT 821, PART A

Dawayne Brown is a 30-year-old man who is serving a sentence of 168 months of imprisonment following his conviction at trial in this case. He has been incarcerated for more than 11 years. At the time of the offenses, Mr. Brown was 19 years old. On September 1, 2015, Mr. Brown appeared before this Court for sentencing. With respect to the federal advisory guidelines,[1] Mr. Brown came before the Court with a total of four criminal history points, two of which applied based on an offense Mr. Brown committed when he only 18 years old and two of which applied because Mr. Brown was subject to court supervision at the time of the offenses at issue in this case. Mr. Brown was therefore placed into Criminal History Category III. The Court calculated the offense level on the federal count to be 26.

---

[1] Mr. Brown was convicted of two D.C. local offenses and one federal offense.

1

With an offense level of 26 and a Criminal History Category III, the advisory guidelines recommended a sentence on the federal count of 78-97 months. After an analysis of the factors found at 18 U.S.C. § 3553(a), this Court imposed a sentence on the federal count towards the high end end of the advisory guidelines range: 96 months. The Court imposed consecutive sentences of 60 and 12 months each on the two D.C. local counts of conviction for a total sentence of 168 months.

In November 2023, a series of amendments to the advisory guidelines took effect. Part A of Amendment 821 amended U.S.S.G. § 4A1.1, which governs the calculation of a defendant's Criminal History Category. Before Amendment 821, all defendants who committed a federal offense while under any criminal justice sentence scored an additional two criminal history points. These points are commonly known as status points. After Amendment 821, a defendant with six or fewer criminal history points would earn no status points for having committed the instant offense while under a criminal justice sentence. The United States Sentencing Commission has made that amendment retroactive to those like Mr. Brown whose advisory guidelines range would have been lower without the addition of the status points.

Applying this provision to Mr. Brown's case results in a total offense level of 26, a Criminal History Category of II, and a revised advisory guidelines range on Count Seven of 70-87 months of imprisonment. Pursuant to 18 U.S.C. § 3582(c)(2)

and U.S.S.G. § 1B1.10, Mr. Brown respectfully requests that this Court reduce his sentence on Count Seven to 70 months of imprisonment – the low end of the advisory guidelines range after the application of the retroactive amendment. Such a reduction in sentence is consistent with the 18 U.S.C. § 3553(a) factors in this case.[2]

## I. Procedural History

On September 10, 2013, the Government filed a Superseding Indictment charging Mr. Brown and several others with a host of D.C. local and federal offenses. (ECF No. 25.) Mr. Brown was charged with offenses including a narcotics conspiracy, extortion, assault with intent to commit robbery, threatening to kidnap a person, kidnapping while armed, armed robbery, extortion while armed, first-degree burglary while armed, possession with intent to distribute PCP, unlawful possession of a pistol, possession of an unregistered firearm, employment of a minor to violate drug laws, obstruction of justice, and cruelty to children. Mr. Brown was also charged with several violations of 18 U.S.C. § 924(c).

Prior to trial, the Court dismissed four of the § 924(c) counts because they were predicated upon D.C. local rather than federal offenses. *United States v. Brown*, 58 F. Supp. 3d 115 (D.D.C. 2014). On two occasions, Mr. Brown was prepared to accept responsibility in this case and plead guilty. However, the Court rejected the

---

[2] On May 13, 2024, Mr. Brown filed a *pro se* Motion seeking relief under the retroactive Amendment 821, Part A. (ECF No. 520.) This Motion supplements Mr. Brown's filing.

proposed plea agreements, which were offered under Rule 11(c)(1)(C). As the Court noted at sentencing, it rejected those proposals because it "had been led to believe that the government had overwhelming evidence of a lot of counts, many of which would, if they were successful, would incarcerate [Mr. Brown], essentially, for the rest of [his] life." ECF No. 401 at 61. As the Court knows, the Government far overestimated the strength of its case.

After a multiweek jury trial, Mr. Brown was *acquitted* of the following offenses: conspiracy to distribute and possess with intent to distribute PCP; making threats; kidnapping while armed; armed robbery with a firearm; extortion while armed with a firearm; obstructing justice; and second-degree cruelty to children (both counts). The jury was unable to reach a verdict with respect to the sole § 924(c) count against Mr. Brown. Mr. Brown was found guilty of the following offenses: second-degree burglary while armed, in violation of 22 D.C. Code § 801(b), 4502 (Count Six); possession with intent to distribute PCP, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Seven); and possession of an unregistered firearm, in violation of 7 D.C. Code § 2502.01(a) and 2507.06(2)(A) (Count Ten). (Jury Verdict, ECF No. 245.)

At sentencing, the Court declined to apply the D.C. voluntary guidelines to the D.C. local offenses. As noted above, with respect to Count Seven, the Court found that the advisory guidelines called for a sentenced of 78-97 months of

imprisonment. The Court sentenced Mr. Brown as follows: 60 months on Count Six, 96 months on Count Seven, and 12 months on Count Ten, with the sentences on each count of conviction to run consecutively to one another. (Judgment, ECF No. 322.) The United States Court of Appeals for the District of Columbia Circuit affirmed Mr. Brown's convictions and sentence. *United States v. Brown*, 892 F.3d 385 (D.C. Cir. 2018). Mr. Brown is currently incarcerated at USP Atwater in California. His projected release date is December 2, 2025.

## II. Mr. Brown is Eligible for a Reduction in Sentence under Amendment 821, Part A

As noted above, Part A of Amendment 821 changed the way courts calculate a defendant's Criminal History Category. Under the amended U.S.S.G. § 4A1.1, defendants with six or fewer criminal history points who commit a federal offense while under a criminal justice sentence no longer earn any status points. The Sentencing Commission voted to make this amendment retroactive. Judge Howell has recently summarized the legal framework applicable to a motion to reduce sentence on the basis of this retroactive guidelines amendment:

> When the Sentencing Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by this amendment, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

5

3582(c)(2). "The relevant policy statement, U.S.S.G. § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended guidelines range while 'leaving all other guideline application decisions unaffected.'" *Dillon v. United States*, 560 U.S. 817, 821 (2010) (alteration in original accepted) (quoting U.S.S.G. § 1B1.10(b)(1)).

*United State v. Otunyo*, No. CR 18-251 (BAH), 2024 WL 50975, at *2 (D.D.C. Jan. 4, 2024). Judge Howell continued:

> When implementing § 3582(c)(2) in practice, district courts are instructed to follow a two-step approach: First, a court "determin[es] the amended guideline range that would have been applicable to defendant had the relevant amendment been in effect at the time of the initial sentencing" by substituting only the amendments covered by U.S.S.G. § 1B1.10 and "leav[ing] all other guideline application decisions unaffected." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). Second, a court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Reference to § 3553(a) "cannot serve to transform" the "circumscribed" § 3582(c)(2) proceedings into "plenary resentencing proceedings." *Id.*

*Id.* at *3.

In this case, at the time of Mr. Brown's sentencing on September 1, 2015, Mr. Brown scored two criminal history points for a D.C. local firearms offense he committed at the age of 18. (PSR, ECF No. 271 ¶ 60.) Under the old § 4A1.1(d), Mr. Brown scored two additional criminal history points because he was under a criminal justice sentence at the time of the offenses in this case. (*Id.* ¶ 62.) Mr. Brown therefore came before the Court with four criminal history points, resulting in a Criminal History Category III. Under the amended advisory guidelines, Mr. Brown

6

would not score the additional status points. He would therefore score a total of two criminal history points, resulting in a Criminal History Category II. With a Criminal History Category III and an offense level of 26, Mr. Brown's original advisory guidelines range on Count Seven was 78-97 months. However, under the amended guidelines, with an offense level of 26 and a Criminal History Category II, the advisory guidelines call for a sentence of 70-87 months on Count Seven. The Court sentenced Mr. Brown on Count Seven to a term of 96 months of imprisonment, one month lower than the high-end of the previously applicable advisory guidelines range. Accordingly, under 18 U.S.C. § 3582(c)(2), Mr. Brown is eligible for a reduction in sentence. The Court has the authority to reduce Mr. Brown's sentence on Count Seven to a term as low as 70 months of imprisonment.

### III. The § 3553(a) Factors Support a Reduction in Mr. Brown's Sentence

Mr. Brown has been incarcerated since January 12, 2013, the date of his arrest on D.C. local charges related to the offenses at issue in this case.[3] At the time of his arrest, he was just 19 years old. He had been addicted to PCP since his early teen years. Mr. Brown comes before the Court now at age 30. Day for day, he has served more than 136 months of the Court's original sentence. In other words, Mr. Brown has served 80% of the original sentence without accounting for good time credit.

---

[3] Those charges were dismissed in favor of federal prosecution.

During his term of incarceration, Mr. Brown has taken significant steps towards his rehabilitation. On the whole, the § 3553(a) factors support a reduction in Mr. Brown's sentence on Count Seven to a term of 70 months of imprisonment.

Dawayne Brown was born on September 14, 1993 to Edward Newby and LaShawn Brown. Mr. Brown has several siblings. He grew up with both parents in Southeast D.C. As a young child, Mr. Brown witnessed constant violence and other criminal activity in his neighborhood. Mr. Brown began using drugs at the age of 14. By age 15, he was using PCP. At the time of his arrest, Mr. Brown suffered from a severe addiction to PCP. In light of the difficult circumstances in which he grew up and his addiction to drugs, it is not surprising that Mr. Brown struggled with formal education. In 2011, he completed the 10th grade at Anacostia High School. He thereafter left school. However, while incarcerated pending trial in this case, Mr. Brown earned his G.E.D. (ECF No. 267-2.)

In sentencing Mr. Brown in 2015, the Court focused on Mr. Brown's history in the juvenile justice system.[4] However, in applying the § 3553(a) factors today, this Court should afford great weight to recent authority addressing the culpability of youthful offenders. As this Court knows, the United States Supreme Court has held in a series of landmark cases that "youth matters in sentencing." *Jones v. Mississippi*, 593 U.S. 98, 105 (2021) (collecting cases). The Supreme Court has

---

[4] At the time of sentencing, Mr. Brown had one prior adult conviction.

recognized five "hallmark features" of youth that bear on sentencing. *Miller v. Alabama*, 567 U.S. 460, 477 (2012). Judge Hogan of this Court recently recounted those features in granting a defendant's motion for compassionate release:

> (1) "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) "family and home environment that surrounds [a juvenile defendant]—and from which [a juvenile defendant] cannot usually extricate himself—no matter how brutal or dysfunctional"; (3) the circumstances of the offense, including the role of the juvenile and the extent to which peer pressure was involved; (4) the incompetencies of youth that may have disadvantaged him in dealing with the police or participating in the criminal proceedings; and (5) "possibility of rehabilitation."

*United States v. Williams*, No. CR 91-559-6 (TFH), 2021 WL 5206206, at *6 (D.D.C. Nov. 9, 2021) (citing *Miller*, 567 U.S. at 477-78.) Even outside of the context of cases involving life sentences, courts have consistently recognized that youth matters. *E.g.*, *United States v. Nance*, 957 F.3d 204, 217 (4th Cir. 2020) (Gregory, C.J., concurring) (citing Elizabeth S. Scott & Thomas Grisso, *Developmental Incompetence, Due Process, and Juvenile Justice Policy*, 83 N.C. L. Rev. 793, 812 (2005) ("Indeed, the frontal lobe is one of the last areas of the brain to develop, well into the twenties . . . This part of the brain is responsible for important functions such as planning, organizing information, and thinking about possible consequences of action.")).

Most recently, on April 17, 2024, the United States Sentencing Commission unanimously voted in favor of an amendment to the advisory guidelines to provide

for the possibility of a downward departure based on an offender's youthful status.[5] The amendment is set to go into effect on November 1, 2024. In relevant part, the amended U.S.S.G. § 5H1.1 will read:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.
>
> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

While the amendment has not yet taken effect, this Court can consider the findings of the Sentencing Commission in applying the § 3553(a) factors to Mr. Brown's case.

At the time of the offenses resulting in his juvenile adjudications, Mr. Brown was 14, 15, and 17 years old. At the time of his sole prior adult offense of conviction, he was less than 18.5 years old. At the time of the offenses at issue in this case, Mr.

---

[5] The Sentencing Commission also unanimously voted to limit the consideration of acquitted conduct at sentencing. As this Court remembers, the Government relied heavily upon conduct of which Mr. Brown was acquitted in recommending a 276-month sentence.

Brown was 19 years old. He came before this Court for sentencing at 21 years old. All of these events occurred before Mr. Brown's brain had fully developed. Mr. Brown faced several significant risk factors that contributed to his youthful conduct. He was raised in a crime-ridden neighborhood. As a child, he suffered from a severe addiction to drugs. He attended schools with paltry resources. Mr. Brown's youth at the time of the offenses in this case is a significant mitigating factor. By the time of sentencing, Mr. Brown was already demonstrating signs of maturation. Indeed, he had obtained his G.E.D.[6] Over the past 11 years, Mr. Brown has made significant strides. He has participated in programming in the Bureau of Prisons, earning certificates in the following courses: basic cognitive skills, business development, drug education, and internet & computing core certification. *See* Ex. A. In light of Mr. Brown's youth at the time of his prior offenses and the offenses at issue in this case, and when considered in the context of a mountain of authority demonstrating the diminished culpability of youthful offenders, a reduction in sentence on Count Seven to 70 months is appropriate.

A reduced sentence in this case nonetheless provides just punishment and promotes both deterrence and respect for the law. Mr. Brown was convicted of serious crimes. He has served and continues to serve a significant sentence. In light

---

[6] This Court should also consider that Mr. Brown was twice prepared to accept responsibility and plead guilty in this case.

11

of his youth at the time of the offenses, a modest reduction in sentence is consistent with the need to provide just punishment. A reduced sentence still sends a message to the community that engaging in the type of conduct that resulted in Mr. Brown's conviction is unacceptable. And this Court can be sure that after serving more than 11 years in custody, Mr. Brown, who is now 30 years old, will never again engage in conduct that would threaten his liberty.

A reduced sentence on Count 7 also meets Congress' mandate that this Court consider the need to avoid unwarranted sentencing disparities. While the data found in the Judiciary Sentencing Information tool does not include information for sentences imposed in drug cases involving PCP, the data it does contain supports a reduced sentence on Count Seven. In Fiscal Years 2019-2023, there were 4 defendants sentenced whose primary guideline was § 2D1.1 with a primary drug type of "other," an offense level of 26, and a Criminal History Category of II. The mean length of imprisonment in those cases was 57 months and the median length of imprisonment was 54 months. With respect to offenses involving the more dangerous drug fentanyl, in Fiscal Years 2019-2023, there were 27 defendants sentenced with a primary guideline of § 2D1.1, an offense level of 26, and a Criminal History Category of II. The mean sentence imposed was 48 months, and the median sentence imposed was 43 months. This data shows that for defendants convicted of conduct similar to the conduct at issue in Count Seven, downward variances are the

rule, not the exception. In this case, under § 3582(c)(2), Mr. Brown cannot seek a downward variance. Accordingly, a reduction in sentence on Count Seven to 70 months of imprisonment is required to avoid an unwarranted sentencing disparity.

A reduction in sentence is also consistent with the approach other judges in this District and around the country have taken when ruling on motions under § 3582(c)(2) and Amendment 821, Part A. According to [data](#) complied by the Sentencing Commission, as of March 1, 2024, judges of this District have ruled on 8 such motions for sentence reduction and have granted relief in 6 cases. *See, e.g.*, *Otunyo*, 2024 WL 50975. It is unclear whether the two unsuccessful motions were denied because those defendants were statutorily ineligible for a reduction or on the basis of an exercise of judicial discretion. On a nationwide basis, 23% of motions based on the retroactive application of Amendment 821, Part A were denied because the defendant had not actually received status points. 43% were denied because of a lack of eligibility under § 1B1.10. Another 20% were denied with no reason or some other reason provided. Yet only 13% were denied on the merits. In this case, Mr. Brown is eligible for a sentence reduction. The § 3553(a) factors support such a reduction. This Court should therefore grant this Motion and reduce the sentence on Count Seven to a term of 70 months.

## CONCLUSION

Dawayne Brown is 30 years old. He has been incarcerated since he was just 19 years old and has served 80% of the sentence originally imposed in this case. Under Amendment 821, Part A and 18 U.S.C. § 3582(c)(2), this Court has the authority to reduce Mr. Brown's sentence on Count Seven. Such a reduction is consistent with the 18 U.S.C. § 3553(a) factors. Accordingly, Mr. Brown requests that this Court reduce his sentence on Count Seven to a term of 70 months of imprisonment. In light of Mr. Brown's quickly approaching release date, Mr. Brown respectfully requests expedited consideration of this Motion.

Respectfully submitted,
/s/
_____
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
mlawlor@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2024, a copy of the foregoing was served on all parties via ECF.

/s/
_____
Michael E. Lawlor